**Herbert E. JUELICH, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 26415.

United States Court of Appeals Fifth Circuit.

Nov. 15, 1968.

Herbert E. Juelich, pro se.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, THORNBERRY, Circuit Judge, and TAYLOR, District Judge.

PER CURIAM:

Herbert E. Juelich has appealed from the district court's denial of his motion to vacate his judgment and sentence, 28 U.S.C. § 2255, without an evidentiary hearing. We affirm.

In denying § 2255 relief, the District Court held that the appellant was "given ample opportunity to present the grounds raised and has not presented satisfactory justification for delayed presentation at this time. See Sanders v. United States, 373 U.S. 1 [83 S.Ct. 1068, 10 L.Ed.2d 148]."

A previous denial of § 2255 relief to the appellant, after an evidentiary hearing, was affirmed upon appeal. Juelich v. United States, 5 Cir. 1965, 342 F.2d 29.

In his latest § 2255 motion the appellant alleged several new grounds not previously urged by him: (1) coercion of his confession; (2) systematic exclusion of women from his petit jury; (3) failure of the trial court to order a pre-trial sanity hearing although having knowledge of his history of mental illness; (4) ineffective representation of court-appointed defense counsel for failure to assert the aforementioned three contentions; and (5) another contention, which patently lacks merit.

The appellant alleges that he did not urge these grounds in his previous § 2255 motions because he was unaware that they would entitle him to relief. He complains that at the previous § 2255 hearing, the District Court denied him permission to discuss his case with counsel until he was brought into the courtroom, and denied his application for a continuance, so that he was unable to obtain legal advice then, concerning his additional grounds. Examination of the record demonstrates that these contentions are factually unsupported.

The record of the previous § 2255 proceedings shows that the appellant's counsel was appointed by the court to represent him on June 14, 1962. The evidentiary hearing on the § 2255 motion was conducted on July 30, 1963, more than one year after counsel was appointed. During that time the appellant had ample opportunity to consult with his counsel relative to all claims he was making. Of the "new" claims now asserted all of them except exclusion of women from his petit jury were well known both generally and by him personally. The exclusion of women claim rests on White v. Crook, D.C.M.D.Ala. 1966, 251 F.Supp. 401, which had not been decided at the time of the evidentiary hearing.

White v. Crook, supra, held that an Alabama statute excluding women from jury service was unconstitutional. At the time of the appellant's second trial in 1954, federal jurors were selected on the basis of their eligibility to serve as jurors in the state. This rule was changed in 1957 by the amendment

of 28 U.S.C. § 1861. See Rabinowitz v. United States, 5 Cir., 366 F.2d 34 (En Banc). Assuming, without deciding, as we did in Bass v. Mississippi, 5 Cir. 1967, 381 F.2d 692, 696, the correctness of this decision we are of the clear view that it should not be accorded retrospective effect. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968); Fuller v. Alaska, 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212 (1968). This claim is therefore rejected as a matter of law, thus requiring no factual hearing.

■ Concerning the other contentions little need be stated. A claim (1) of coerced confession is, and has been, known for years. It is not a recent judicial development and of course appellant's own allegations reflect that he knew all of the operational facts. The failure (3) of the court to order a pretrial mental competency hearing goes directly to competency to stand trial and aid in the defense. Although that claim earlier rested on alleged use of drugs during the trial, the § 2255 hearing inquired fully into mental competency. The trial court held that he was mentally competent, and we affirmed on appeal, Juelich v. United States, 5 Cir. 1965, 342 F.2d 29. Appellant knew this fact and knew then, as he claims now, of his asserted history of mental illness. The claim of incompetency (4) of counsel from failure to raise these contentions is refuted conclusively by the record. Included in that record is the unchallenged fact that the appeal from the second conviction was purposefully abandoned, presumably to avoid the risk of a capital sentence, were a third trial ordered.

As we have stated relative to the 1963 hearing on the appellant's previous § 2255 motion, "Juelich himself was freely permitted to assign additional grounds for his motion to vacate, to testify at length in his own behalf, to ask questions of the witness, and to argue his contentions." 342 F.2d at 33.

At the hearing, the District Judge—anxious to have the fullest hearing—repeatedly urged Juelich to advance all claims he had or held. He specifically informed Juelich and his counsel that, "Should he at this time want to raise any other issue that he might raise in connection with his original trial I will allow him to do so." The Judge subsequently stated to Juelich personally, "I am giving you all the time you want and let you say anything you want to me."

Appellant responded by saying that his indictment and conviction were obtained by "fraudulent means by perjured and illegal testimony introduced in evidence with full knowledge by the prosecution; and point two, where an autopsy shouldn't have been performed upon the deceased and where facilities were available and only an illegal attempt to do so petitioner was denied due process of law." Judge Allgood then stated, "All right. Any further grounds that you want to state?"

Juelich replied, "No sir. That's all."

At the conclusion of the 1963 hearing, the court again provided Juelich an opportunity to present any further matter, but none was presented.

The District Court held that the appellant's latest § 2255 motion did not warrant a further hearing because, with knowledge of all facts now asserted and the long existence of legal doctrines recognizing their validity, his failure to advance these constituted a deliberate withholding of these grounds under Sanders v. United States, 373 U.S. 1, 18, 19, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1968). There the Court stated:

"The principles governing * * * justifications for denial of a hearing on a successive application are addressed to the sound discretion of the federal trial judges. Theirs is the major responsibility for the just and sound administration of the federal collateral remedies, and theirs must be

the judgment as to whether a second or successive application shall be denied without consideration of the merits. Even as to such an application, the federal judge clearly has the power—and, if the ends of justice demand, the duty—to reach the merits. * * *"

After careful examination of the record in this case and in Juelich's previous § 2255 appeal, we have concluded that the District Court had ample basis for refusing to grant further hearings on the appellant's successive § 2255 motion on its merits.

The judgment of the District Court is Affirmed.