Mrs. Catherine T. PENDERGRAFT, Petitioner-Appellee,

v.

Tom D. COOK, Superintendent, Mississippi State Penitentiary, Respondent-Appellant.

No. 29229.

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1970.

A. F. Summer, Atty. Gen. of Miss., Guy N. Rogers, Asst. Atty. Gen., Jackon, Miss., for repondent-appellant.

W. E. Gore, Jr., Dan M. Lee, Jackson Miss., for petitioner-appellee.

Before TUTTLE, BELL and GOLD-BERG, Circuit Judges.

TUTTLE, Circuit Judge:

The Superintendent of the Mississippi State Penitentiary here appeals from a decision by the United States District Court for the Southern District of Mississippi granting a rule absolute in Mrs. Pendergraft's petition for writ of habeas corpus on the ground that she had been tried and convicted of the offense of murder in the Circuit Court of Hinds County, Mississippi by an all-male jury, following an indictment by an all-male grand jury at a time when the laws of Mississippi restricted jury service to males. The appellee's petition was based on two grounds. The first was the one on which the trial court acted, the court determining that Mrs. Pendergraft had been denied her constitutional rights by reason of the statutory exclusion of women from jury service at the time of her indictment, trial and conviction. The second ground was a charge that some 15 hours before Mrs. Pendergraft was arrested the police officers conducted a general exploratory search of every room in petitioner's home and the outside grounds without a search warrant, as a result of which they found several incriminating objects including knives with bloodstains and other articles of a highly incriminatory nature constituting an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments.

The court recognizes that a strong case can be made out for supporting the decision of the trial court holding unconstitutional the Mississippi statute which was in effect at the time of the indictment and trial of the appellee. See dissenting opinion of Chief Justice Etheridge of the Supreme Court of Mississippi in Hall v. Mississippi, 187 So.2d 861 (Mississippi 1966), appeal dismissed, 385 U.S. 98, 87 S.Ct. 331, 17 L.Ed.2d 196 (1966) and see White v. Crook, U.S.D.C. M.D.Ala., 1966, 251 F.Supp. 401, holding a similar Alabama statute unconstitutional, c. f. Hoyt v. Florida, 368 U.S.

57, 82 S.Ct. 159, 7 L.Ed.2d 118, in which the Supreme Court strongly indicated that in a proper case a statute such as this might well fall afoul the Federal Constitution. It is of interest to note that the State of Mississippi has in June, 1968, amended Section 1762 by deleting the word "male" and the problem here presented will, therefore, not arise at trials held hereafter.

The United States Supreme Court in Blair v. United States, 250 U.S. 273, 279, 39 S.Ct. 468, 470, 63 L.Ed. 979 stated: "Considerations of propriety as well as long established practice, demand that we refrain from passing upon the constitutionality of an act of Congress unless obliged to do so in the proper performance of our judicial function, when the question is raised by a party whose interests entitled him to raise it." See concurring opinion of Mr. Justice Brandeis in Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 341, 56 S.Ct. 466, 80 L.Ed. 688 and especially his discussion on page 346, 56 S.Ct. on page 482 where he states, "The Court developed, for its own governance in the cases confessedly within its jurisdiction, a series of rules under which it has avoided passing upon a large part of all the constitutional questions pressed upon for decision." From the citations of cases which are expounded, following this introductory language, it is perfectly clear that the Supreme Court rule applies to the reaching of a constitutional issue arising from an attack upon a state statute as well as upon a constitutional question arising from an attack on an act of Congress.

As we have stated, a substantial question was presented to the trial court on the petition for habeas corpus relating to the deprivation by the state authorities of Mrs. Pendergraft's right to be free of an illegal search and seizure. Disposition of this issue would not involve passing upon the constitutionality of either state or federal statute. If the appellee's contentions in this regard were decided in her favor neither this court nor the Supreme Court would ever reach

the constitutionality of the Mississippi statute in force at the time of this trial excluding women from jury service.

We conclude, therefore, that this court should refrain from reaching the constitutional question and remand the case to the District Court to enable it to pass on the second ground of complaint. In the event that the trial court should find that Mrs. Pendergraft's trial was invalid by reason of the alleged admission of illegal evidence against her in violation of her constitutional rights, the State of Mississippi might well see fit to proceed not only with a new trial but to proceed also with a different indictment, proceeding under the present statute which permits the inclusion of women on jury panels, both grand and petit.

The case is remanded to the District Court for further proceedings not inconsistent with this opinion.