Mrs. Catherine T. **PENDERGRAFT,**
Petitioner-Appellee,

v.

Tom D. **COOK,** Superintendent, Mississippi State Penitentiary, Respondent-Appellant.

No. 71-1598.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1971.

Rehearing and Rehearing En Banc Denied Nov. 12, 1971.

A. F. Summer, Atty. Gen., G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, Miss., for respondent-appellant.

W. E. Gore, Jr., James B. Tucker, Jackson, Miss., for petitioner-appellee.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

COLEMAN, Circuit Judge:

This case is here, on habeas corpus, for the second time. We had previously remanded it, Pendergraft v. Cook, 5 Cir., 1970, 433 F.2d 969.

Upon remand, the District Court held that the search and seizure involved in this case was not constitutionally invalid, Pendergraft v. Cook, 323 F.Supp. 967 (S.D., Miss., 1971). For the reasons set forth in the reported opinion of the District Court, we affirm its judgment on this issue.

The District Court reaffirmed its earlier decision (not reached on the prior appeal) that the petitioner was constitutionally entitled to be indicted and tried by juries from which women had not been totally and statutorily excluded (See 433 F.2d 970). On this issue, we reverse and direct that the petition be dismissed.

Mrs. Catherine T. Pendergraft, of Jackson, Mississippi, was convicted in the state circuit court of the murder of her husband. On issues no longer in existence, the Mississippi Supreme Court reversed the first conviction and remanded the case for a new trial, Pendergraft v. State, 191 So.2d 830 (Miss., 1966).

The new trial resulted in a second conviction, which was affirmed, Pendergraft v. State, 213 So.2d 560 (Miss., 1968). A direct appeal to the Supreme Court of the United States resulted in dismissal for want of jurisdiction and the denial of certiorari, Pendergraft v. Mississippi, 394 U.S. 715, 89 S.Ct. 1453, 22 L.Ed.2d 671 (1968), rehearing denied, 395 U.S. 941, 89 S.Ct. 1993, 23 L. Ed.2d 459. Mr. Justice Douglas recorded his opinion that probable jurisdiction should be noted.

In both appeals from both convictions to the Supreme Court of Mississippi Mrs. Pendergraft urgently sought reversal because of the total exclusion of women from the grand jury which indicted her and the petit juries which had tried her, see 213 So.2d at 565. The Mississippi Supreme Court specifically declined to reverse on that ground, citing its decision in State v. Hall, 187 So. 2d 861 (Miss., 1966).

In *Hall,* supra, the Court had held that the power to prescribe qualifications for jurors in state courts is vested in the legislature and that it had the power to make reasonable classifications, such as, for the causes stated, validly included the exclusion of women.

Mr. Chief Justice Ethridge dissented on the ground that the total exclusion of women from jury service is an invalid classification, in violation of the due process and equal protection clause of the Fourteenth Amendment, as well as of § 14 of the Mississippi Constitution. The Mississippi Chief Justice pointed out that in 1966 only two states in the Union had statutes completely and absolutely excluding women from jury service, these being South Carolina and Mississippi. The Chief Justice further concluded, however, 187 So.2d at 871, that a holding in line with his views "should be prospective only in its application".

In 1968, the Mississippi Legislature amended the jury statutes to permit women to serve on grand and petit juries, Chapter 335, Laws of Mississippi of 1968 (amending § 1762 of the Mississippi Code of 1942, Recompiled, as amended).

When the Supreme Court of the United States denied review, Mrs. Pendergraft filed her petition for the writ of habeas corpus in United States District Court. In that petition, she contended, as in the State and Federal Supreme Courts, that she had been twice tried and twice convicted of the crime of murder by a jury composed entirely of members of the male sex, that both the indictment and the convictions were thus

in denial of the equal protection and due process of law, additionally contending, as stated in the outset, that her state court trial had been rendered invalid by the admission of evidence illegally seized in violation of federal constitutional rights.

The District Court twice relied upon the reasoning of a Three-Judge District Court in the Middle District of Alabama which had held unconstitutional a similar exclusionary statute of that state, White v. Crook, 251 F.Supp. 401, 408 (1966). The Alabama Three-Judge Court, however, was careful to point out that its decision *should be prospective in its application* (citing cases) 251 F. Supp. at 409.

This appeal, therefore, encounters these incontrovertible facts: (1) Mrs. Pendergraft was indicted and tried by juries from which women were totally excluded by statute; (2) since 1968 Mississippi has not excluded women from jury service; and (3) there ·can be no currently existing justiciable controversy as to the exclusion formerly practiced, unless Mrs. Pendergraft, on collateral attack, is entitled to retrospective application of a finding of unconstitutionality.

This, then, brings us face to face with the *unreviewed* and *unreversed* decision of the Supreme Court of Mississippi in State v. Hall, *supra,* and in Mrs. Pendergraft's direct appeal, that the decision in White v. Crook, *supra,* was not binding on it, 187 So.2d at 863, and that there existed a reasonable basis for the legislative classification which excluded women from jury duty in Mississippi state courts.

We also encounter the concession of Mr. Chief Justice Ethridge and of the Alabama Three-Judge Court that any holding of unconstitutionality on this score should be entitled to *prospective application* only.

Indeed, the Fifth Circuit, in assuming, without deciding, the correctness of the decision in White v. Crook, *supra,*

was of the clear view that it should not be accorded retrospective effect, Juelich v. United States, 5 Cir., 1968, 403 F.2d 523.

We, therefore, conclude that Mrs. Pendergraft was not entitled to habeas corpus relief in the Court below and that her petition should have been dismissed, Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1965).

The judgment of the District Court on direct appeal is reversed. On cross appeal it is affirmed. The case is remanded with directions that the petition for the writ of habeas corpus be dismissed.

SIMPSON, Circuit Judge (concurring in part and dissenting in part):

I agree with the Court that the search and seizure involved in this case did not deprive Mrs. Pendergraft of her Fourth Amendment protection against unreasonable searches and seizures. I therefore concur in affirmance of the cross-appeal. With respect to the issue raised on the direct appeal, I agree with the lower court that under well defined principles of the jurisprudence existing at the time of the petitioner-appellee-cross-appellant's indictment and trial, Mrs. Pendergraft must be reindicted by a grand jury and retried by a petit jury from each of which women have not been arbitrarily excluded. Accordingly, I would affirm upon the direct appeal taken by the respondent Superintendent of the Mississippi State Penitentiary.

The Court concedes that the statutory exclusion of all women from service on grand and petit juries solely because of their sex is violative of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. Because the Court takes the position that this doctrine was first enunciated in White v. Crook, D.C. M.D.Ala., 1966, 251 F.Supp. 401, it rea-

sons that the grant of the writ of habeas corpus in this case is equivalent to making the holding in *White* retroactive, something which the three-judge district court in *White* expressly declined to do. It also cites the Fifth Circuit case of Juelich v. United States, 1968, 403 F.2d 523, in which it was held that the exclusion of women from appellant's 1954 federal court trial did not invalidate *his* conviction.

I am not persuaded that the decision in White v. Crook marks the point in time at which the State of Mississippi should have been put on notice that its statutory exclusion of women from grand and petit juries violated the Fourteenth Amendment. In Ballard v. United States, 1946, 329 U.S. 187, 67 S.Ct. 261, 91 L. Ed. 181, the Supreme Court reversed mail fraud convictions because women had been systematically excluded from service on federal juries in the Southern District of California. The following language from the *Ballard* opinion is worth repeating here:

"We conclude that the purposeful and systematic exclusion of women from the panel in this case was a departure from the scheme of jury selection which Congress adopted and that, as in the Thiel case, we should exercise our power of supervision over the administration of justice in the federal courts, McNabb v. United States [318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819], supra, to correct an error which permeated this proceeding.

"It is said, however, that an all male panel drawn from the various groups within a community will be as truly representative as if women were included. The thought is that the factors which tend to influence the action of women are the same as those which influence the action of men—personality, background, economic status—and not sex. Yet it is not enough to say that women when sitting as jurors neither act nor tend to act as a class. Men likewise do not act as a class.

But if the shoe were on the other foot, who would claim that a jury was truly representative of the community if all men were intentionally and systematically excluded from the panel? The truth is that the two sexes are not fungible; a community made up exclusively of one is different from a community composed of both; the subtle interplay of influence one on the other is among the imponderables. To insulate the courtroom from either may not in a given case make an iota of difference. Yet a flavor, a distinct quality is lost if either sex is excluded. The exclusion of one may indeed make the jury less representative of the community than would be true if an economic or racial group were excluded." [footnotes omitted] 329 U.S. at 193–194, 67 S.Ct. at 264.

Hoyt v. Florida, 1961, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118, arose out of the alleged murder of a man by his wife. Florida law, at the time of Mrs. Hoyt's jury trial, permitted women to serve on juries only if they voluntarily registered for such service. The United States Supreme Court upheld the conviction for second degree murder on the basis that the appellant had failed to produce any substantial evidence to show an arbitrary exclusion of women from jury service as a result of the application of the Florida statute. In concluding its opinion in *Hoyt*, however, the Court noted:

"Finding no substantial evidence whatever in this record that Florida has arbitrarily undertaken to exclude women from jury service, a showing which it was incumbent on appellant to make * * * we must sustain the judgment of the Supreme Court of Florida." 368 U.S. at 69, 82 S.Ct. at 166–167, 7 L.Ed.2d at 126.

*Hoyt,* unlike *Ballard* (which was a direct federal appeal), mounted an attack upon the Florida jury system upon constitutional grounds. In the course of its opinion in *Hoyt,* the Supreme Court not-

ed that only three states excluded women from jury service and Mississippi was pointedly named as one of the three. From and after 1961, the decision date of *Hoyt,* prior to the killing involved here and prior to the indictment and trial here involved, the warning flags were flying, for Mississippi to note and heed. What clearer signal had to be given to that state that its statutory policy of barring women from jury service was out of step with national policy and required modernization? Yet Mississippi did not amend its statute so as to permit women to serve on its juries until 1968, after Mrs. Pendergraft had been tried a second time for the murder of her husband before an all-male jury, under an indictment returned by an all-male grand jury in 1965. Both at the time of indictment and both trials, Section 1762 of the Mississippi Code of 1942 expressly limited competent jurors to male citizens.

The facts of this case do not present a retroactivity problem at all, when existing precedents are carefully analyzed. Between 1961 and the time of Mrs. Pendergraft's indictment in 1965, and beyond all peradventure before the second trial before an all-male jury in 1967, resulting in the sentence permitted by the majority to stand, Mississippi had ample opportunity to eliminate the statutory exclusion of women from jury service. Failure by that state to take timely and appropriate action deprived Mrs. Pendergraft of her federal constitutional rights to equal protection of the laws and to due process of law, guaranteed to her by Amendment XIV to the Constitution of the United States. These rights were in existence and were known to be in existence for many years before she was indicted and tried. It is extremely unfortunate that the false issue of retroactivity vel non is allowed to muddy the majority's consideration of what is really a simple question.

I respectfully dissent from the reversal of the main appeal.