**William Fred DRYDEN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-2638**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Feb. 3, 1972.

William F. Dryden, pro se.

John W. Stokes, Jr., U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The district court dismissed Dryden's motions to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

Appellant filed simultaneous motions to vacate two federal sentences imposed for violation of Internal Revenue laws relating to non-tax paid distilled spirits. In his petitions below he alleged that state and federal officers trespassed on his private property to obtain evidence used to obtain his convictions. The district court dismissed the motions because they raised questions previously ruled upon by that court. The motions are consolidated for this appeal.

The same questions raised herein were presented in an earlier § 2255 motion, along with several other allegations. The district court denied relief and Dryden appealed. This Court affirmed in Dryden v. Clark, 443 F.2d 67 (5th Cir. 1971).

Appellant argues that the search issues were not appealed at that time. We cannot tell whether our Court considered them since the lower court's

---

\* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

judgment was affirmed without an opinion. However, if, in fact, the search issues were not considered on the prior appeal, it was because the appellant deliberately abandoned them.

The district court did not err in dismissing the present § 2255 motions as being repetitive. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963); Owens v. United States, 430 F.2d 1173 (5th Cir. 1970). The decision of appellant not to include the search issues in his prior appeal constitutes a deliberate withholding of those grounds and his present § 2255 motion constitutes an abuse of the remedy. Sanders v. United States, *supra*; see also Juelich v. United States, 403 F. 2d 523 (5th Cir. 1968); Nash v. United States, 342 F.2d 366 (5th Cir. 1965). The judgment below is affirmed.

Affirmed.