Steve S. **WATSON**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 73–1094.

United States Court of Appeals, Fifth Circuit.

Aug. 14, 1973.

Robert L. McHaney, Atlanta, Ga. (Court-Appointed), for petitioner-appellant.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GOLDBERG, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

We hold that Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972), is not to be applied retroactively. The Supreme Court there held that a white person indicted and convicted by juries from which black persons were systematically excluded is entitled to have the conviction set aside without a showing of actual bias.

Steve S. Watson, a white male, was convicted of rape on a Government reservation (18 U.S.C.A. § 457 (1940 ed.) now 18 U.S.C.A. § 2031) in 1947 and sentenced to life imprisonment. In this 28 U.S.C.A. § 2255 motion to vacate his sentence and set aside the judgment of conviction, he alleges that Negroes were systematically excluded from the grand jury which indicted him and the petit jury which convicted him. Denying the motion, the District Court, 350 F.Supp. 57, held that the principle of Peters v. Kiff should not be given retroactive application and that it was therefore unnecessary to determine if, in fact, blacks were systematically excluded from Watson's juries.

Peters v. Kiff is of precedential value only as a case involving standing. The beginning of the line of authority holding that the Constitution prohibits systematic exclusion of blacks from juries substantially predates Watson's 1947 conviction.[1] The right of a black to retroactive relief from the systematic exclusion of persons of his race has long since been firmly fixed. Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L. Ed.2d 599 (1967). Peters v. Kiff merely answered the separate question of whether a white petitioner is entitled to relief on the basis of that constitutional violation. There the Court held that "whatever his race, a criminal defendant has standing to challenge the system used to select his grand or petit jury, on the ground that it arbitrarily excludes from service the members of any race, and thereby denies him due process of law." 407 U.S. at 504, 92 S.Ct. at 2169.

1. See Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); Sims v. Georgia, 389 U.S. 404, 88 S.Ct. 523, 19 L.Ed.2d 634 (1967); Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967); Coleman v. Alabama, 377 U.S. 129, 84 S.Ct. 1152, 12 L.Ed.2d 190 (1964); Reece v. Georgia, 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77 (1955); Avery v. Georgia, 345 U.S. 559, 73 S.Ct. 891, 97 L.Ed. 1244 (1953); Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839 (1950); Hill v. Texas, 316 U.S. 400, 62 S.Ct. 1159, 86 L.Ed. 1559 (1942); Hale v. Kentucky, 303 U.S. 613, 58 S.Ct. 753, 82 L.Ed. 1050 (1938); Norris v. Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074 (1935); Martin v. Texas, 200 U.S. 316, 26 S.Ct. 338, 50 L.Ed. 497 (1906); Neal v. Delaware, 103 U.S. 370, 26 L.Ed. 567 (1881); Strauder v. West Virginia, 100 U.S. 303, 25 L.Ed. 664 (1880).

Our question is whether Watson, not having previously raised any objection to his juries, may assert the claim by collaterally attacking a conviction that took place prior to the decision of Peters v. Kiff.

The retroactive-prospective dichotomy in constitutional decisions has developed for the obvious purpose of permitting the judicial system to modernize its procedures in keeping with current standards of constitutional thought by judicial decision without undoing everything done in the past. Our Court has previously pondered the baffling problem of applying constitutional decisions retroactively. In Vaccaro v. United States, 461 F.2d 626 (5th Cir. 1972), Chief Judge Brown "recognize[d] the impossibility of reconciling these apparent inconsistencies with any neatly constructed, logically appealing, symmetrically patterned theory or doctrine."

The reason is that retroactivity is essentially a pragmatic, case-by-case, result-oriented process whereby the often competing interests of society, the accused (or by now, the convicted) and the efficient administration of justice are balanced and weighed. There are no hard and fast rules, no shorthand formulae, in the retroactivity area—only factors, equities and considerations.

461 F.2d at 629.

Illustrative of this point are holdings that the systematic exclusion of blacks requires retroactive vindication for black defendants, Whitus v. Georgia, *supra*, but that women are not entitled to retroactive relief from the unconstitutional systematic exclusion of women from grand and petit jury lists. Pendergraft v. Cook, 446 F.2d 1222 (5th Cir. 1971), cert. denied, 409 U.S. 886, 93 S.Ct. 103, 34 L.Ed.2d 142 (1972). We have previously held that a man is not entitled to retroactive relief because of the exclusion of women. Juelich v. United States, 403 F.2d 523 (5th Cir. 1968), cert. denied, 394 U.S. 1002, 89 S.Ct. 1508, 22 L.Ed.2d 779 (1969).

The Supreme Court in Linkletter v. Walker, 381 U.S. 618, 639, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1964), and Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971), spoke of the criteria which should be reviewed in determining the retroactivity of decisions:

[There is] a three-fold analysis directed at discovering:

"(a) the purpose to be served by the new standards,

(b) the extent of reliance by law enforcement authorities on the old standards, and

(c) the effect on the administration of justice of a retroactive application of the new standards."

401 U.S. at 652–653, n. 5, 91 S.Ct. at 1152.

Following analysis under these guidelines and accepting the theory that constitutional decisions need not apply retroactively, we conclude that Peters v. Kiff is a prime example of a constitutional case that should receive prospective application only.

(1) The purpose of the Peters v. Kiff decision rests predominantly in its deterrent effect, rather than in its direct bearing upon the actual fairness of the trial or upon Peters' guilt or innocence. The Court spoke in terms of protecting blacks against violations of equal protection and vindicating their right to serve on juries. Peters v. Kiff, *supra*, 407 U. S. at 499–500, 92 S.Ct. 2163. Justice White's concurring opinion was based solely on the statutory command of 18 U.S.C.A. § 243 and Hill v. Texas, 316 U. S. 400, 62 S.Ct. 1159, 86 L.Ed. 1559 (1942), which make it a criminal offense for jury commissioners to disqualify citizens for jury service on racial grounds.

(2) The judicial system's absolute reliance on the old standard was undisputedly pervasive. *All* prior grand jury indictments and petit jury convictions were subject to the then current standard for jury selection. This case then is unlike Miranda v. United States, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), where only a portion of the po-

lice interrogations resulted in a coerced confession, or Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), where only some of the trials in a given jurisdiction were of indigents without counsel.

■ (3) The effect of a retroactive application on the administration of justice would be substantial. Exposing to reversal every conviction in a jurisdiction prior to the time when the jury selection system met all constitutional requirements would undoubtedly be tantamount to directing a verdict of not guilty in a large number of cases. It is improbable, however, that in crimes without any racial implications whatsoever, any petitioner in Watson's position could even hypothesize that he would not be in jail today, but for the discriminatory jury selection system. The reliability of the verdict in Watson's case is not seriously questioned. Although "proof of actual harm, or lack of harm, is virtually impossible to adduce," Peters v. Kiff, *supra,* 407 U.S. at 504, 92 S.Ct. at 2169, such problems of proof in themselves are not sufficient to require retroactive application. *See* Michigan v. Payne, 412 U.S. 47, 93 S. Ct. 1966, 36 L.Ed.2d 736 (1973) (holding North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), should be applied prospectively only). Limiting Peters v. Kiff to prospective application, however, does not preclude relief in those prior instances of actual jury prejudice because due process claims may always be made in those cases in which evidence of actual prejudice exists. Michigan v. Payne, *supra.*

(4) The decision in Peters v. Kiff further refines the system of jury selection. The Court made it clear that no dual system can ever again satisfy constitutional requirements and that every defendant has the same right to object to an unconstitutional jury selection system. But this purpose does not mandate the retroactive application of the decision. Thus, Justice White, writing for three Justices who concurred in the judgment as an appropriate implementation of the strong statutory policy of 18 U.S.C.A. § 243, spoke in terms of prospectivity:

> This is the better view, and it is time we now recognized it in this case and as the standard governing criminal proceedings instituted hereafter.

407 U.S. at 507, 92 S.Ct. at 2170.

(5) This Circuit has decided not to apply retroactively as to either men or women the holdings that they may object to the systematic exclusion of females from juries. Juelich v. United States, *supra*; Pendergraft v. Cook, *supra*. It is consistent with these two cases to hold that retroactive application of Peters v. Kiff may not be afforded a white male for systematic exclusion of blacks from his juries.

It might be argued that we have previously decided the question of retroactivity in Mosley v. Smith, 470 F.2d 1320 (5th Cir. 1973). There we vacated and remanded for further consideration under Peters v. Kiff the denial of a white male defendant's petition for release on the ground that blacks had been systematically excluded from his jury. Since Mosley's conviction preceded the Peters v. Kiff decision, it might seem unnecessary to remand if Peters v. Kiff were not to receive retroactive application. Mosley was a state prisoner, however, and that case was remanded for exhaustion of state remedies, with instructions to the District Court to defer action on the habeas corpus petition pending an opportunity for the state court to consider Peters v. Kiff. This procedure followed the thrust of 28 U.S.C.A. § 2254(b) that the applicant for habeas corpus relief first exhaust the remedies available in the state courts.

■ Although our decision here might render the remand unnecessary insofar as it relates to federal court proceedings, the States are not bound by a federal determination that requires only prospective application of a constitutional principle. Hence, state courts might differ with federal authority in the retroactive application of a given constitutional principle. If a State chose to apply Peters v. Kiff retroactively, the peti-

tioner would not need to seek relief in federal court. The purpose of the exhaustion provision in § 2254(b) would then be accomplished, and that opportunity would be provided by the remand. It is clear from Mosley v. Smith that the Court did not resolve the Peters v. Kiff retroactivity question. Other decisions relying on Mosley v. Smith also vacated the denial of relief and remanded for exhaustion of state remedies. *See* United States ex rel. Davis v. Henderson, 474 F.2d 1098 (5th Cir. 1973); Ferguson v. Dutton, 477 F.2d 121 (5th Cir. 1973).

Our holding here would not require a different result in Mosley v. Smith, Davis v. Henderson, or Ferguson v. Dutton. It would not be inappropriate for a federal court to refrain from considering the Peters v. Kiff ground of the state prisoner's habeas corpus petition unless his State courts had previously decided the point.

We find the "factors, equities and considerations" referred to in Vaccaro v. United States, *supra,* 461 F.2d at 629, weigh in favor of limiting the principle of Peters v. Kiff to prospective application only.

Affirmed.