**Benito LUNA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41778.**

Court of Criminal Appeals of Texas.

Jan. 8, 1969.

Joseph Chacon, Sr., San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is theft of an automobile of the value of over $50.00. Trial was before the court, a jury being waived.

The record reflects that the statutes relating to jury waiver (Art. 1.15 Vernon's Ann.C.C.P.) and the receiving of a plea of guilty (Art. 26.13 V.A.C.C.P.) were complied with, and the court having heard the plea, the evidence submitted and argument of counsel, found appellant guilty and assessed his punishment at three years confinement in the Texas Department of Corrections.

If we understand appellant's brief it complains that the court erred in accepting appellant's plea of guilty when the court asked: "Are you pleading guilty because you are guilty of this offense?" and appellant answered: "Well, well part of it is because, I mean, I just stayed—."

The record reflects that the trial court did not accept the plea at that time but stated that he would not accept a plea of guilty from him unless the defendant said he was guilty.

The plea of guilty was received only after appellant had stated that he was pleading guilty because he was guilty and

for no other reason; was not pleading guilty because of any fear or persuasion or delusive hope or promise of pardon; after appellant had been advised as to the consequences of his plea, including the punishment applicable to the offense charged; was advised and stated that he understood that his application for probation could be granted or turned down as the court saw fit, and after the court had inquired and had been assured by appellant's counsel that appellant was sane and able to assist his counsel rationally and intelligently in the preparation for trial and of his defense. (Art. 26.13 V.A. C.C.P.)

The judgment is affirmed.

DOUGLAS, J., not participating.