**Alvon O'Neal HALEY,
Petitioner–Appellant,**

v.

**W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent–Appellee.**

**No. 80–1052
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 17, 1980.

Rehearing and Rehearing En Banc
Denied Jan. 23, 1981.

Alvon O'Neal Haley pro se.

Mark White, Atty. Gen., Bill Willis, Asst. Atty. Gen., Austin, Tex., for respondent–appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Alvon O'Neal Haley appeals the dismissal of his second federal habeas corpus petition. The court below dismissed the petition on the authority of Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, finding that Haley had abused the writ of habeas corpus. We hold that the district court erred in making that determination. Accordingly, we vacate the judgment and remand for further consideration.

This petition marks the second time Haley has challenged his Texas conviction for aggravated robbery in the federal courts. In April 1976, proceeding *pro se*, Haley filed his initial section 2254 petition in which he alleged three errors pertaining to his conviction: (1) the trial court erroneously admitted evidence obtained in violation of his *Miranda* rights; (2) the trial court allowed introduction of evidence tainted by an unlawful identification process; and (3) the trial court admitted evidence obtained by an illegal search. The district court found these claims to be without merit and denied relief without an evidentiary hearing. Haley did not appeal that decision.

Upon exhausting new claims in the Texas state courts, Haley filed his second application for habeas corpus in federal court on September 22, 1978. Haley alleged, in essence, three new grounds[1] which he claimed entitled him to relief: (1) he received ineffective assistance of counsel; (2) the trial judge's partiality to the state

---

1. In both habeas petitions before the state and the federal courts, Haley listed a different number of claims. In the state petition he listed only three grounds for relief. In the federal petition he listed six grounds. The magistrate listed four claims. However, it is clear when looking at the explanation of the claims in each petition, that Haley is claiming the same grounds for relief in both his state and federal petitions.

caused the court to give improper instructions and make unlawful comments; and (3) the state was permitted to improperly bolster a witness.

Respondent filed a motion to dismiss the second application, contending it was a "successive petition" and should therefore be barred pursuant to Rule 9(b).[2] Respondent asserts that the issues in the second petition "should have been well known to Petitioner when he filed his first application" and that Haley's dilatory actions amount to an abuse of the writ "by filing successive applications and piecemealing his issues." In opposition to the motion to dismiss, Haley pled that he was a layman and, as such, unaware of the present allegations at the time of his first application. Haley pointed out that at no time subsequent to the original appeal of his conviction had he been assisted by counsel and that he had discovered the facts supporting the present allegations only with the help of another inmate.

The case was referred to a United States magistrate who recommended the district court dismiss the petition pursuant to Rule 9(b). The magistrate stated that "petitioner has made no showing whatsoever that he was unable for any legitimate reason" to raise the present allegations in the initial application. The district court followed that recommendation.

■ It is clear that Rule 9(b) is a restatement of the principles judicially developed in the "abuse of the writ" doctrine. *See Paprskar v. Estelle,* 612 F.2d 1003, 1005 (5th Cir. 1980). Under this doctrine, a habeas petition can be dismissed without considering the merits only when there has been an abuse of the writ. *Sanders v. United States,* 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). However, we have recognized that this procedure "is of rare and extraordinary application." *Paprskar v. Estelle, supra* at 1007; *Simpson*

*v. Wainwright,* 488 F.2d 494, 495 (5th Cir. 1973).

■ A petition will be dismissed for abusing the writ where it can be shown that the petitioner either deliberately withheld a claim from a previous petition or was inexcusably neglectful. *See Paprskar v. Estelle, supra* at 1006; *Turnbow v. Beto,* 464 F.2d 525, 526 (5th Cir. 1972). The principle behind Rule 9(b) is to dismiss those petitions that constitute "needless piecemeal litigation" or whose "purpose is to vex, harass, or delay." *Sanders v. United States, supra,* 373 U.S. at 18, 83 S.Ct. at 1078. From this language, it is clear that a petitioner cannot be charged with having abused the writ of habeas corpus if, at the time of his earlier petition, he was unaware of the facts on which his newly asserted claims are based, or was unaware that those facts constituted a basis for which federal habeas corpus relief could be granted. Thus, the petitioner may have adequate reasons for not presenting his claims earlier. *See Price v. Johnston,* 334 U.S. 266, 291, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948); *Johnson v. Copinger,* 420 F.2d 395, 399 (4th Cir. 1969).

■ While a prisoner should not be allowed to abuse the writ of habeas corpus, he should not be penalized for availing himself of access to the courts. *Simpson v. Wainwright, supra* at 496. The Supreme Court has stated that in a habeas corpus proceeding, the "primary purpose" is to assure that no one is unjustly imprisoned. Therefore, if a prisoner is unaware of the legal significance of relevant facts, it would be unreasonable to prohibit his attempt for judicial relief. *Price v. Johnston, supra,* 334 U.S. at 291, 68 S.Ct. 1063.

■ In this case, a holding of abuse of writ is not warranted. There was neither inexcusable neglect nor deliberate withholding of a ground for relief. Haley has been

---

2. Rule 9(b) provides that:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

28 U.S.C. § 2254, Rule 9(b).

without the benefit of counsel throughout the proceedings in both habeas petitions. It cannot be assumed that he would be familiar with federal procedure or the legal basis that may justify his cause. As the Supreme Court said in *Price*:

> Prisoners are often unlearned in the law and unfamiliar with the complicated rules of pleading. Since they act so often as their own counsel in habeas corpus proceedings, we cannot impose on them the same high standards of the legal art which we might place on the members of the legal profession. Especially is this true in a case like this where the imposition of those standards would have a retroactive and prejudicial effect on the petitioner's inartistically drawn petition.

*Price v. Johnston, supra*, 334 U.S. at 292, 68 S.Ct. at 1063.

Once the Government has pled there has been an abuse of writ, the burden is on the petitioner to prove that Rule 9(b) does not apply. Where a substantial conflict exists, it may be necessary to hold a hearing to determine the actual facts. *Price v. Johnston, supra*. Haley claims that only through a fellow inmate did he come to learn of the claims he now alleges in his second petition.[3] The district court dismissed Haley's justification without adequate explanation of its decision. Clearly, there exists at least a substantial conflict.

Rule 9(b) was intended to eliminate the repetition of identical claims and the prolongation of litigation by the presentation of claims in a piecemeal fashion. However,

the rule is not intended automatically to foreclose each petitioner who fails to claim every ground for relief in his first application in federal court. Rule 9(b) recognizes the possibility that a petition may be justified in his delay. Haley should not be penalized because his inexperience in jurisprudence left him unaware of claims he had not considered at the time of his first application for habeas corpus.

**VACATED AND REMANDED.**

---

3. One of the cases respondent cites is *Juelich v. United States*, 403 F.2d 523 (5th Cir. 1968). This case upheld a denial of section 2255 relief under the abuse of writ doctrine, and is useful in pointing out its distinguishing characteristic from the present factual situation.

In *Juelich*, the petitioner was faced with the same abuse of writ argument in his second section 2255 petition as Haley is here. Petitioner in *Juelich* raised the same argument as did Haley: that he was unaware the claims he alleged in his second petition would have entitled him to relief at the time he filed his first petition. However, the representation in the first petition was vastly different from that of Haley's. In *Juelich*, the court granted an evidentiary hearing and appointed counsel. The

evidentiary hearing was held more than one year after counsel was appointed. Petitioner had ample opportunity during that year to consult with his counsel relative to all claims he was making. At the trial itself, the judge repeatedly urged both petitioner and his counsel to raise all claims in connection with the original trial. At the end of the hearing, petitioner was again provided an opportunity to present any further claims, but none was presented. The distinction between *Juelich* and the instant case is obvious. Haley never had an evidentiary hearing nor the benefit of counsel. His assertions that he was ignorant of all his claims at the time of his initial petition must be afforded more validity than the same argument in *Juelich*.