Carl Wayne VAUGHAN,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 81–1302
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 25, 1982.

Carl Wayne Vaughan, pro se.

Brenda K. Smith, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Carl Wayne Vaughan appeals the dismissal of his second [1] federal habeas corpus petition. The district court adopted the recommendations of the magistrate and dismissed the petition as an abuse of the writ, pursuant to the authority of Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Finding that the record before us does not support the conclusion of abuse, we vacate and remand for further proceedings.

1. The State of Texas maintains that the present petition is Vaughan's third federal habeas application. The record refers to only one other, proceedings in the Northern District of Texas bearing docket number CA–3–78–0959–F, commenced August 1, 1978 and denied June 25, 1979. This discrepancy is not determinative in our resolution.

2. Rule 9(b) provides that:
A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the

Vaughan pleaded guilty in Texas state court to five counts of aggravated robbery and received concurrent sentences of 50, 50, 75, 75 and 90 years. The convictions were affirmed by the Texas Court of Criminal Appeals, and state habeas relief was denied. Vaughan's prior section 2254 petition was filed in August 1978 and denied in June 1979. The pending 2254 petition was filed in March 1981, alleging multiple errors in the sentencing phase of the trial.[3] Vaughan attempts to explain his failure to raise any of these grounds in the earlier habeas application by noting that he did not have then the assistance of counsel.[4]

The magistrate did not hold an evidentiary hearing, sought no further explanation from Vaughan, characterized Vaughan's assertion of lack of knowledge of his legal rights as "self-serving," and recommended that the application be dismissed as an abuse of the writ. Vaughan objected to the magistrate's recommendation, and asked for a hearing to examine into the issue of abuse. The district court adopted the magistrate's recommendation, without conducting a hearing, and dismissed Vaughan's application under Rule 9(b) as a successive petition.

"Rule 9(b) codifies the seminal case of *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), with its guidelines concerning abuse of the writ." *Potts v. Zant*, 638 F.2d 727, 739 (5th Cir. 1981) (citations omitted). *See Haley v. Estelle*, 632 F.2d 1273 (5th Cir. 1980). But, in this circuit, the " 'abuse of the Writ' doctrine is of rare and extraordinary applica-

tion." *Paprskar v. Estelle*, 612 F.2d 1003, 1007 (5th Cir.), *cert. denied*, 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980) (citation omitted). *See Hardwick v. Doolittle*, 558 F.2d 292 (5th Cir. 1977), *cert. denied*, 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978); *Simpson v. Wainwright*, 488 F.2d 494 (5th Cir. 1973). The doctrine is applied narrowly because, under this rubric, full consideration of the merits of a new petition is not necessary if the filing is found to be abusive. Our reluctance to invoke the rule, save in rare and extraordinary instances, was dramatized in *Haley v. Estelle* in which we noted that "The principle behind Rule 9(b) is to dismiss those petitions that constitute 'needless piecemeal litigation' or whose 'purpose is to vex, harass, or delay.' " 632 F.2d at 1275 (*quoting Sanders v. United States*, 373 U.S. at 18, 83 S.Ct. at 1078).

 Inexcusable neglect or intentional withholding of a claim of error constitutes an abuse of the writ. *Paprskar.* But if a petitioner's unawareness of facts which might support a habeas application is excusable, or if his failure to understand the legal significance of the known facts is justifiable, the subsequent filing is not an abuse of the writ.[5] In resolving the abuse question, once the government has raised the issue, or it has been raised *sua sponte*, "the burden then shifts to the petitioner to prove that he has not abused it." *Mays v. Balkcom*, 631 F.2d 48, 51 (5th Cir. 1980) (*citing Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978) (en banc)). The applicant is to be afforded a reasonable opportunity to traverse the suggestion of abuse. Addition-

---

prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

**3.** Vaughan asserts five errors: (1) denial of counsel at sentencing; (2) absence of convicting jurisdiction; (3) inflammatory prosecutorial remarks possibly prejudicial to the lengths of sentences and likelihood of probation; (4) denial of the assistance of adequate representation on appeal; and (5) improper jury instructions.

**4.** Vaughan states in paragraph 13 of his present application that the errors assigned were not raised in his prior federal application

because he "was not represented by Counsel and was therefore totally unaware of his legal rights to the extent petitioner was unable to ascert [sic] the above claims until now."

**5.** "The Supreme Court has stated that in a habeas corpus proceeding, the 'primary purpose' is to assure that no one is unjustly imprisoned. Therefore, if a prisoner is unaware of the legal significance of relevant facts, it would be unreasonable to prohibit his attempt for judicial relief." *Haley v. Estelle*, 632 F.2d at 1275 (*citing Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)).

al written submissions may be adequate. In some instances, a hearing may be required.[6] In the present case, Vaughan was not permitted a reasonable opportunity to offer justification for his failure to raise his contentions in the earlier habeas application,[7] and the inquiry was not addressed adequately.

Following further consideration on remand, it may be determined that Vaughan's allegations should have been raised in his prior habeas application. That determination, however, cannot be made on the basis of the record now before us. If indeed Vaughan has described accurately his reason for not articulating his complaints in the prior federal writ application, an issue we cannot and do not now decide, then he "should not be penalized because his inexperience in jurisprudence left him unaware of claims he had not considered at the time of his first application for habeas corpus." *Haley v. Estelle*, 632 F.2d at 1276. In that instance, his application should be examined on the merits.

VACATED and REMANDED.

---

**6.** When "a substantial conflict exists, it may be necessary to hold a hearing to determine the actual facts." *Haley v. Estelle*, 632 F.2d at 1276.

**7.** After dismissal of his application, Vaughan filed an affidavit of an inmate who claimed that he assisted Vaughan in preparing the earlier petition and was responsible for prior omissions and errors.