Reddie McSHANE, Jr.,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections,
Respondent-Appellee.

No. 81–1388
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 19, 1982.

Reddie McShane, Jr., pro se.

Joe Foy, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, JOHNSON and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Convicted in 1975 by a Texas state court of murder, petitioner seeks habeas corpus relief. In 1977, the petitioner first sought relief in federal court. Relief was denied in August 1979. The petitioner then filed an application for habeas corpus in state court in September 1979. Relief was denied by the state trial court in October 1979, and by the Texas Court of Criminal Appeals without written order on the basis of the findings of the trial court judge in December 1979. The petitioner filed a second state habeas corpus petition in November 1980. The trial court denied relief in December 1980, and the Court of Criminal Appeals denied relief without written order in the same month. The present federal habeas corpus petition was filed in February 1981. Based on the findings and recommendations of the Magistrate, the district court dismissed the habeas corpus petition pursuant to Rule 9(b), Rules Governing § 2254 Cases, because it was a successive petition.[1] The only issue in this appeal is the propriety of the rule 9(b) dismissal.

In order to consider the background of each of the issues presented in the present petition, we list those urged and whether they have been presented previously:

| | Petitioner's Allegations | Presented Before? | U.S. District Court's Disposition |
|---|---|---|---|
| 1. | The state failed to meet its burden of proving the charge of intent to commit murder. | Presented to U.S. District Court in 1977 petition. | Dismissed because previously presented. Rule 9(b), Rules Governing § 2254 Applications. |
| 2. | The state trial court permitted hearsay photographs to be introduced. | Presented to U.S. District Court in 1977 petition. | Dismissed because previously presented. Rule 9(b), *supra.* |
| 3. | The state trial court improperly shifted the burden of proof of intent to commit murder to petitioner. | Presented to U.S. District Court in 1977 petition. | Dismissed because previously presented. Rule 9(b), *supra.* |

[1] Rule 9(b) provides:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

| Petitioner's Allegations | Presented Before? | U.S. District Court's Disposition |
| --- | --- | --- |
| 4. The jury charge was fundamentally defective because it authorized the jury to find petitioner guilty on a theory not alleged in the indictment (*i.e.,* lesser-included offenses). | Presented in first state court habeas petition filed after first U.S. District Court action. Magistrate found petitioner knew of this issue at time he presented his first federal habeas petition. | Dismissed because of waiver: not presented in prior federal petition. Rule 9(b), *supra.* |
| 5. The state trial court exceeded its statutory authority by assessing court costs. | Presented in first state court habeas petition filed after first U.S. District Court action. Magistrate found petitioner knew of this issue at time he presented his first federal habeas petition. | Dismissed because of waiver: not presented in prior federal petition. Rule 9(b), *supra.* |
| 6. Petitioner's confession was illegally obtained and, therefore, improperly introduced. | Presented in second state habeas petition filed after first U.S. District Court action. Magistrate found petitioner knew of this issue at the time he presented his first federal habeas petition. | Dismissed because of waiver: not presented in prior federal petition. Rule 9(b), *supra.* |
| 7. The evidence was insufficient because: | | Dismissed because of waiver: not presented in prior federal petition. Rule 9(b), *supra.* |
| (a) The state introduced photographs showing external injuries on the victim's body that were present before the murder and did not prove that the petitioner was connected with the prior external injuries; | Presented in second state habeas petition filed after first U.S. District Court action. | |
| (b) The medical examiner who testified was not shown to be properly qualified. | Not presented previously. | |
| | Magistrate found petitioner knew of these issues at the time he presented his first federal habeas petition. | |

Thus, three of the issues outlined above (1, 2, and 3) were presented previously to the federal district court and relief was denied on the merits. Relief on those grounds was properly denied in this second action since "the prior determination was on the merits and the ends of justice would not be served by reaching the merits of the subsequent application." *Sinclair v. Blackburn,* 599 F.2d 673, 675 (5th Cir. 1979), *cert. denied,* 444 U.S. 1023, 100 S.Ct. 684, 62 L.Ed.2d 656 (1980).

In this circuit the "abuse of the writ" doctrine is of "rare and extraordinary application." *Vaughan v. Estelle,* 671 F.2d 152, 153 (5th Cir. 1982); *Potts v. Zant,* 638 F.2d 727, 741 (5th Cir.), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981); *Paprskar v. Estelle,* 612 F.2d 1003, 1007 (5th Cir.), *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980). As one court has stated, rule 9(b) "is not intended automatically to foreclose each petitioner who fails to claim every ground for relief in his first application in federal court." *Haley v. Estelle,* 632 F.2d 1273, 1276 (5th Cir. 1980). Rather, a rule 9(b) dismissal will be granted only if "it can be shown that the petitioner

either deliberately withheld a claim from a previous petition or was inexcusably neglectful." *Id.* at 1275; *accord, Paprskar,* 612 F.2d at 1006.

 The writ of habeas corpus is not abused if a petitioner alleges error not presented in his first petition if "his unawareness of facts which might support a habeas petition is excusable, or if his failure to understand the legal significance of the known facts is justifiable." *Vaughan,* 671 F.2d at 153; *accord, Haley,* 632 F.2d at 1275. Thus, in many instances we have vacated the district court's rule 9(b) dismissal and remanded for an evidentiary hearing to allow the petitioner to "traverse the suggestion of abuse." *Vaughan,* 671 F.2d at 153 (earlier failure to raise issue was because petitioner did not then have the assistance of counsel); *accord, Potts,* 638 F.2d at 748 & n. 26; *Haley,* 632 F.2d at 1276 (earlier failure to raise issue was because petitioner is a layman and was previously unaware of the ground for relief; the court remanded for an evidentiary hearing stating that the petitioner should not be penalized because of his inexperience); *cf. Mays v. Balkcom,* 631 F.2d 48, 51 (5th Cir. 1980) (rule 9(b) dismissal affirmed because petitioner was aware of claim of ineffective assistance of counsel and had complained at the time of his trial; his failure to include this claim in prior petition is "inexcusable neglect at best and a deliberate withholding of a ground for relief at worst").

In this case, McShane offered several reasons to explain his failure previously to assert all of the grounds for relief now alleged. He claims that he had difficulty obtaining copies of the state court proceedings to aid in presenting his federal petition; although he was present at the state court proceeding, he was unaware at the time of trial that he could then or later object to proceedings already objected to by his lawyer; he did not have the assistance of counsel in preparing his petitions; and he and his prison inmate helper are not lawyers and are uneducated in the procedural requirements of federal habeas petitions.

 These reasons are sufficient to require an evidentiary hearing to determine whether McShane deliberately withheld any of the claims numbered 4 through 7 from a previous petition or was inexcusably neglectful in failing to assert these grounds of error before. Therefore, we VACATE the district court's rule 9(b) dismissal of McShane's habeas corpus petition as to grounds 4 through 7, and REMAND for an evidentiary hearing in accordance with this opinion. If it is then determined that McShane did not abuse the writ, both parties should be allowed to brief the merits of the claims asserted in the habeas corpus petition.[2] We AFFIRM the rule 9(b) dismissal of grounds 1 through 3 since identical grounds were raised in a previous federal habeas corpus petition.

AFFIRMED IN PART.

VACATED AND REMANDED IN PART.

---

2. The district court judgment dismissed McShane's habeas corpus petition under rule 9(b). The judge's order, however, adopted the magistrate's findings, conclusions and recommendation. The magistrate's recommendation stated, "if the petitioner's application be not dismissed pursuant to Rule 9(b), *supra,* it is recommended that the Respondent's Motion to Dismiss for failure to exhaust available State remedies be denied, and that the Petitioner's application be denied and *dismissed on the merits.*" (Emphasis added.) We take no account of the alternative ruling because the records show that the parties were never given an opportunity to brief the merits of the issues.