**Ollie James JONES, Petitioner-Appellant,**

v.

**W.J. ESTELLE, Jr., Director Texas Department of Corrections, Respondent-Appellee.**

No. 81–1522
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 1982.

Rehearing and Rehearing En Banc
Denied Jan. 25, 1983.

Ollie James Jones, pro se.

Kenneth L. Petersen, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Appeal from the United States District Court for the Northern District of Texas.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

We turn again to the difficult task of reconstructing a state prisoner's writ history in order to review a decision that he has abused the Great Writ under Rule 9(b), Rules Governing § 2254 Cases.[1]

Jones' conviction in the Texas courts for robbery by assault was affirmed on direct appeal. *See Jones v. State,* 501 S.W.2d 677 (Tex.Cr.App.1973). Jones then filed three habeas petitions, one civil rights suit, and a fourth habeas petition from which he now appeals. All have been dismissed without an evidentiary hearing.

This trip, Jones levels four charges against his conviction: (1) denial of compul-

sory process (to obtain the testimony of a co-defendant); (2) suppressing statements of eyewitnesses; (3) suppressing evidence in not calling listed witnesses; and (4) ineffective assistance of counsel. Jones' writ history is as follows:

1972—CA–3–6210–D (Judge Hill) The petition complained of a lack of a free trial transcript and, in this context, complained of a "lack of effective assistance of appointed counselor." The record does not contain an explanation of the case's disposition. Presumably, the case was dismissed without prejudice for failure to exhaust state remedies.

1972—CA–3–5587–C (Judge Taylor) Petition was dismissed on April 5, 1972 for failure to exhaust with the observation that: "Applicant should consult with his attorney and should present all complaints relating to the conviction on the sentence imposed therein to the Court of Criminal Appeals in the appeal proceeding now pending in that court. Thereafter, if any constitutional issues remain which have not been fully presented to and adjudicated by the state court, application shall be made for the writ of habeas corpus to the court in which applicant was convicted before application to this court is made."

1976—CA–3–75–0967–D (Judge Hill) Petitioner's claim of denial of compulsory process and denial of a free trial transcript were denied on the merits on August 18, 1976.

1976—CA–3–76–1075–F (Judge Porter) This civil rights suit under 42 U.S.C. § 1983 was filed on August 13, 1976 seeking money damages from assorted persons including the District Attorney and prosecutor, among others.

The suit complained, in part, of supposed statements of witnesses (ground number two) and not calling the listed witnesses (ground number three).

---

1. Rule 9(b) provides:

   A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

The district judge in this case adopted the findings of the magistrate that the claimed denial of compulsory process, ground one, had been decided on its merits against petitioner in 1976 in CA–3–75–0967–D; and grounds two, three and four ought to be dismissed for abuse of the writ pursuant to Rule 9(b). The magistrate had raised the Rule 9(b) issue *sua sponte,* issuing an order on August 5, 1981 for petitioner to show cause why the petition ought not be dismissed under Rule 9(b). Petitioner's rambling pro se response to the magistrate's show cause order argued that the Rule 9(b) relitigation bar should not be imposed because no court had "made an independent evaluation of the facts" ... "nor was an evidentiary hearing held. ..." The three additional grounds were, petitioner replied, not argued before Judge Hill in CA–3–75–0967–D in 1976 because he was "unaware of the fact that [they] had to be raised in Cause No. CA–3–75–0967–D" and he was "without copies of the trial records and other documents to adequately present those allegations ..." and his failure to raise them was not intentional.

*The* McDonnell *Procedure for Summary Disposition Under Rule 9(a)*

In *McDonnell v. Estelle,* 666 F.2d 246 (5th Cir.1982), this circuit recently addressed the question of the proper procedures for summary disposition of habeas petitions in the context of Rule 9(a), which permits the dismissal of delayed petitions that are prejudicial to the state. There the district court issued an order to show cause why the petitioner should not be granted relief. The state responded with a motion to dismiss and answer in which it raised the Rule 9(a) defense of laches and supported the assertion with evidentiary material. The district court granted the dismissal. The *McDonnell* panel found that the tolerance of summary disposition in habeas proceed-

ings did not avoid the usual requirements of Fed.R.Civ.P. 56 and proceeded to inquire if there was an absence of a genuine issue of material fact. Before doing so, however, the court explained that a petitioner must be given an opportunity to respond to a Rule 56 motion and be made aware "specifically of the fact that the court will be making a final disposition of the case in the form of a summary judgment." *Id.* at 255. The court read the show cause order procedure contemplated by Rule 9(a) and suggested by its official forms as a procedural complement to the notice requirements of Rule 56, noting that the two mechanisms "create a procedural framework for the disposition of Rule 9(a) cases."[2] *Id.* at 253.

At the outset, we must decide whether *McDonnell's* approach to Rule 9(a) controls Rule 9(b) dismissals, and if so, whether its procedural commands were followed here. Finally, we will review the substantive decisions laid in a "correct" procedural mold.

*Procedure for Summary Disposition Under Rule 9(b)*

Like Rule 9(a), Rule 9(b) was enacted to relieve courts from burdensome and protracted litigation of habeas corpus claims in cases where it is not justified. The Rule contemplates a speedy dismissal of repetitious or abusive habeas corpus petitions without requiring a full consideration of the merits of the constitutional claims. *See Sanders v. United States,* 373 U.S. 1, 17–18, 83 S.Ct. 1068, 1078–1079, 10 L.Ed.2d 148 (1963) (establishing standards later codified in Rule 9(b)). Although the Rule itself does not delineate the proper procedures for dismissing a petition, cases indicate that summary dispositions without hearings are permissible. *See, e.g., Mays v. Balkom,* 631 F.2d 48, 51 (5th Cir.1980).[3]

Nevertheless, because these summary dispositions under Rule 9(b) preclude review of

---

**2.** The form appended to Rule 9(a) notifies the petitioner that his failure to justify the delayed petition will result in its automatic dismissal. It also admonishes him to present facts rather than opinions or conclusions. This same form is used to inform petitioners of potential dismissals under Rule 9(b).

**3.** Moreover, Rule 4 of the Rules Governing § 2254 Cases permits the "summary dismissal" of habeas petitions, and there is nothing in Rule 9(b) that prevents the dismissal it authorizes from being entered summarily. *See McDonnell v. Estelle,* 666 F.2d at 249.

constitutional claims, procedural safeguards are required to avoid undermining the very purpose behind the writ of habeas corpus. Accordingly, courts have long held that petitioners must be afforded an opportunity to rebut or explain allegations of repetition or abuse. *See Price v. Johnston,* 334 U.S. 266, 292–93, 68 S.Ct. 1049, 1063–1064, 92 L.Ed. 1356 (1948); *Johnson v. Copinger,* 420 F.2d 395, 399–400 (4th Cir.1969).[4] Indeed, this circuit recently vacated a district court's Rule 9(b) summary dismissal and remanded the case to afford the petitioner "a reasonable opportunity to traverse the suggestion of abuse." *Vaughan v. Estelle,* 671 F.2d 152, 153 (5th Cir.1982). *See also Potts v. Zant,* 638 F.2d 727, 747–49 (5th Cir.), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981).

■ Despite the recognition of this procedural safeguard, neither case law nor the Rules Governing § 2254 Cases has clarified the step-by-step procedural requirements for summary dismissals under Rule 9(b). When the law or the rules provide no guidance, Rule 11 compels us to apply the Federal Rules of Civil Procedure to habeas cases. Like the *McDonnell* panel, we conclude that Fed.R.Civ.P. 56 and the form appended to Rule 9(b) provide the best mechanism for reconciling the tension between the need for speedy disposition of repetitive or abusive petitions and the harshness of a final resolution of a petition without addressing its merits.[5]

■ Under Rule 56 and the form appended to Rule 9(b), either the court may raise the 9(b) bar after considering extraneous evidence of repetition and abuse or the state may move for summary judgment under Rule 9(b) and submit to the court extraneous evidence in support of the motion.[6] In either case, Rule 56(c) requires that the petitioner be served with the motion at least ten days before the court considers it. This timing requirement is essential in the Rule 56 context to provide the petitioner a reasonable opportunity to respond to the allegations of repetition or abuse. *See generally* 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2719 (1973). Accordingly, non-compliance with the ten day notice requirement prevents entry of summary judgment. *Hickey v. Arkla Industries, Inc.,* 615 F.2d 239 (5th Cir.1980).

Nevertheless, compliance with the Rule 56 timing requirement will not assure procedural fairness unless the petitioner is "notified specifically of the fact that the court will be making a final disposition of the case in the form of a summary judgment." *McDonnell,* 666 F.2d at 255. This requirement serves to warn petitioner that he cannot merely defend the sufficiency of his pleadings but must "present additional material and arguments going to the issue of summary judgment." *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir.1979). The form appended to Rule 9(b) ensures that a petitioner is afforded the requisite notice. This form notifies the petitioner that the court is considering a dismissal under Rule 9(b) and that his failure to complete the

---

4. The result in *Johnson* demonstrates that allegations of abuse may involve more complex and controvertible facts than allegations of repetition. Nevertheless, procedural safeguards must apply to both prongs of Rule 9(b). Indeed, the Advisory Committee Note to Rule 9 cites *Johnson* to support its recommendation that the court afford petitioners an opportunity to respond to allegations of delay, repetition, *or* abuse.

5. The magistrate's *sua sponte* dismissal does not render this case inconsistent with *McDonnell,* in which the state raised the Rule 9(a) defense and filed documentary evidence in support of its motion. The Advisory Committee Notes to Rule 9 and the forms appended to

Rule 9(b) contemplate that either the court or the state may raise the Rule 9(b) defense. In either case, the court may summarily dismiss the petition if petitioner's response is legally insufficient. *See also Johnson v. Copinger,* 420 F.2d at 398. Thus, this circuit's prohibition against *sua sponte* entry of summary judgment in civil cases, *see Capital Films Corp. v. Charles Fries Productions,* 628 F.2d 387 (5th Cir.1980), does not govern habeas cases.

6. Alternatively, judgment may be entered on the pleadings under Fed.R.Civ.P. 12(c). This device, however, is of little practical use in Rule 9(b) cases, in which parties typically must submit evidence outside the pleadings.

form will result in automatic dismissal of his petition. It requires the petitioner to explain why a repetitive petition deserves reconsideration or why he failed to raise new grounds in a prior petition. Finally, the form admonishes the petitioner to present facts rather than opinions or conclusions. Together with Rule 56, this form ensures that a petitioner will receive timely and specific notice of a possible summary dismissal under Rule 9(b).

■ After the petitioner receives an opportunity to respond to the allegations of repetition or abuse, the court may summarily dismiss the petition only if it finds that "there is no genuine issue of material fact" and that the state "is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In the context of a Rule 9(b) case, this finding means that the petitioner has failed to show as a matter of law: (1) that a successive claim was not determined previously on the merits, *Sinclair v. Blackburn,* 599 F.2d 673 (5th Cir.1979), *cert. denied,* 444 U.S. 1023, 100 S.Ct. 684, 62 L.Ed.2d 656 (1980); or (2) that he neither deliberately withheld a claim from a previous petition nor was inexcusably neglectful, *Paprskar v. Estelle,* 612 F.2d 1003 (5th Cir.), *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980). Because the Rule 9(b) defense is necessarily fact-oriented, summary dismissal is appropriate only if the court has before it "a sufficient quantity of conclusive evidence on which to base its decision." *McDonnell,* 666 F.2d at 254. If the evidence provided by the parties is inconclusive or if the proof made discloses any genuine issue of material fact, the court must refuse a summary ruling and instead hold an evidentiary hearing to determine the actual facts. *See Price v. Johnston,* 334 U.S. at 292, 68 S.Ct. at 1063; *McShane v. Estelle,* 683 F.2d 867 (5th Cir.1982) (remand for evidentiary hearing on petitioner's reasons for failing to assert new claims in prior petition); *Haley v. Estelle,* 632 F.2d 1273 (5th Cir.1980) (same).

*Disposition of the Appeal*

Having established the framework for summary dispositions of Rule 9(b) cases, we now examine the procedural and substantive propriety of the district court's dismissal of Jones' petition. Finding that Jones' response to the magistrate's show cause order failed to present a genuine issue of material fact, we affirm the court's summary dismissal under Rule 9(b).

### a. *Procedure*

Examination of the magistrate's show cause order and Jones' subsequent response indicates that this case has met our step-by-step procedural requirements for summary dismissals under Rule 9(b). After Jones filed his petition, the magistrate researched his writ history and concluded that the petition might be subject to dismissal under Rule 9(b).[7] The magistrate issued an order on August 5, 1981 for Jones to: (1) show cause why a repetitive claim deserved reconsideration; and (2) show cause why he had failed to raise his three remaining claims in prior petitions. The magistrate required Jones to file this response within twenty days. Jones responded on August 15, 1981, arguing that his first claim never was decided on the merits and that his remaining three claims were not included in prior petitions because he was unaware of this requirement and was unable to obtain copies of his trial records to support the allegations. The magistrate found this response to be meritless, and the district court adopted his recommendation to summarily dismiss the petition under Rule 9(b).

■ Although the magistrate did not use the form appended to Rule 9(b), his show cause order provided Jones with timely and specific notice of a possible summary dismissal. The twenty day filing period satisfied the timing requirement of Rule 56(c). Moreover, the show cause order specifically

---

7. The magistrate apparently considered evidence outside Jones' petition, which did not reveal his prior federal habeas petitions. The magistrate's consideration of extraneous evidence placed this case in substantially the same posture as *McDonnell,* in which the state submitted documentary evidence in support of its Rule 9(a) motion.

informed Jones of the possibility of a summary disposition of the case and required him to provide a factual justification for the apparent repetitious and abusive petition. Indeed, Jones' response to the show cause order indicates that he recognized the potentiality of a summary judgment and that he had a reasonable opportunity to respond to the allegations. *See Paprskar v. Estelle,* 612 F.2d at 1006 n. 12 (petitioner received reasonable opportunity but responded inadequately). Accordingly, the magistrate's show cause order comports with the procedural prerequisites for granting summary dismissal under Rule 9(b).

b. *Substance*

The district court's summary dismissal of Jones' petition must have rested on the conclusion that no genuine issues of fact existed and that the state was entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c). This finding can be sustained only if there was no factual dispute that: (1) the claimed denial of compulsory process, ground one, had been decided on the merits in CA–3–75–0967–D; and (2) the petitioner deliberately withheld grounds two through four from previous petitions or was inexcusably neglectful. Because the evidence conclusively supports the Rule 9(b) bar, we affirm the summary dismissal of Jones' petition.

■■■ In deciding whether to dismiss a claim presented in a prior petition, a court must determine whether the merits were actually reached in the earlier proceeding and if so, whether the ends of justice would be served by a redetermination on the merits. *Sanders v. United States,* 373 U.S. at 15, 83 S.Ct. at 1077; *Sinclair v. Blackburn,* 599 F.2d at 675. Although the district court in CA–3–75–0967–D conducted no evidentiary hearings on Jones' claimed denial of compulsory process, it did explicitly decide the issue and in doing so reviewed and relied upon files and records from Jones' trial, direct appeal, and state habeas proceedings. Indisputably, Jones' first claim had been determined on the merits. *Cf. Potts v. Zant,* 638 F.2d at 744 (no determi-

nation on the merits because court neither conducted evidentiary hearing nor reviewed files and records in the case). Moreover, Jones made no showing that the ends of justice would be served by reaching the merits of the subsequent petition. *See McShane v. Estelle,* 683 F.2d at 869. Thus, the court properly dismissed the first ground.

■■■ Jones' explanation for his failure to raise the three remaining grounds also was insufficient to prevent summary dismissal under the "abuse of writ" doctrine. Though we recognize that this doctrine "is of rare and extraordinary application," *Paprskar v. Estelle,* 612 F.2d at 1007, a petition will be dismissed for abusing the writ if petitioner either deliberately withheld a claim from a previous petition or was inexcusably neglectful. *Id.* at 1006. Nevertheless, a petitioner cannot be charged with abuse if he previously was unaware of the facts supporting his newly asserted claim or was unaware that those facts constituted a basis for habeas relief. *Price v. Johnston,* 334 U.S. at 291, 68 S.Ct. at 1062–1063; *Haley v. Estelle,* 632 F.2d at 1275.

■■■ To prove absence of abuse, Jones first argued that he was unaware that he was required to raise these grounds in CA–3–75–0967–D. This argument is without merit. After Jones' second federal habeas petition was dismissed for failure to exhaust state remedies, the magistrate admonished Jones to present all claims to the state courts for review and then to present any remaining constitutional claims to the federal courts. Even if Jones remained unaware of the need to raise all claims, however, his ignorance was insufficient to avoid application of the abuse of writ doctrine. Although unawareness of facts or their legal significance will excuse a petitioner's failure to assert claims in prior petitions, unawareness of the abuse of writ doctrine itself is not enough.

Jones also contended that his inability to procure copies of the trial records prevented him from asserting grounds two through

four in CA–3–75–0967–D. This argument also is without merit. First, the magistrate in that case noted that Jones was given an opportunity to examine the trial transcript and take notes. Moreover, Jones' writ history demonstrates that he knew of grounds two through four at the time of his action in CA–3–75–0967–D. Grounds two and three formed the basis for his § 1983 suit filed before CA–3–75–0967–D was resolved. Ground four was raised but dismissed for failure to exhaust in Jones' first petition in 1972. The circumstances involved here are similar to those in *Mays v. Balkom,* 631 F.2d at 51, in which the court affirmed a summary dismissal under Rule 9(b). Noting that Mays was well aware of a claim before he ever considered filing a habeas petition, the court held that his "failure to include this claim can only be considered inexcusable neglect at best and deliberate withholding of a ground for relief at worst." *Id.* Like Mays, Jones was not a petitioner whose "inexperience in jurisprudence left him unaware of claims he had not considered at the time of his first application for habeas corpus." *Haley v. Estelle,* 632 F.2d at 1276.

Although Jones had a reasonable opportunity to justify his successive petition, his explanation was legally insufficient either to require redetermination of his first claim or to excuse his prior failure to assert·the other three claims. Because the evidence before the court fully satisfied the Rule 56 standards for summary judgment, no evidentiary hearing was necessary. Accordingly, we AFFIRM the district court's summary dismissal of Jones' petition under Rule 9(b).