James E. BAKER, Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 82–2466
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1983.

James E. Baker, pro se.

Brenda K. Smith, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, TATE, and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

This is an appeal from the district court's denial of two consolidated petitions of James E. Baker, a Texas prisoner, for a writ of habeas corpus. In May 1974, Baker was found guilty by a jury of robbery by assault. Sentence, enhanced by two prior felony convictions, was assessed at life imprisonment. Baker asserts that neither enhancing conviction was constitutionally obtained, and he seeks to have them set aside. Noting that similar contentions had previously been raised twice as to *one* of the convictions, the magistrate recommended that the present consolidated application be dismissed as a successive application. Despite the petitioner's objection that he was entitled to a hearing before the writ was dismissed on this ground, and that the magistrate had failed to pass upon whether his claim with regard to the *second* conviction was a successive writ, the district court adopted the recommendations of the magistrate and dismissed the consolidated applications. Finding that the district court erred in not considering Baker's contentions that he was entitled to show justifiable reasons for the delay in attacking the *second* conviction (in 1969 for the sale of marijuana), we remand for further consideration. We affirm, however, the denial of the relief sought with regard to the 1965 burglary conviction.

With regard to the enhancing convictions: In 1965, Baker was convicted upon a guilty plea of *burglary* and sentenced to two years in prison. In 1969, he was convicted upon a guilty plea for sale of *marijuana* and sentenced to five years in prison. Neither conviction was appealed, but each was upheld in state habeas corpus proceed-

ings. In April 1982, the petitioner filed the present two separate petitions for writs of habeas corpus in the federal district court challenging the validity of the burglary and marijuana convictions. The two petitions were consolidated, and final judgment was entered dismissing the petitions.[1]

On the present appeal, Baker contends that the district court erred in denying him habeas relief, or at least an evidentiary hearing, due to: (1) the failure of the district court to consider all of the allegations contained in the consolidated case, specifically the claims regarding the 1969 marijuana conviction, and (2) the improper dismissal of his petitions as successive under Rule 9(b) of the Rules Governing Section 2254 cases in the United States District Courts, 28 U.S.C. § 2254.[2]

*The 1969 Marijuana Conviction a Successive Writ?*

In its denial of the petitioner's consolidated applications for writ of habeas corpus, the district court adopted the magistrate's report, which had recommended dismissal of the petition as successive without reaching the merits because "[p]etitioner has twice before raised this identical issue before this court." The magistrate's report explicitly referred, however, only to Baker's challenge to the burglary conviction, but made no references to the allegations regarding the marijuana conviction. Baker claims that three allegations with regard to the 1969 *marijuana* conviction that were presented to the district court had never previously been raised before for federal habeas review and, therefore, should have been considered by the district court.[3]

■ Baker argues for this court to adopt a broad rule that "unconsidered grounds

1. Previous federal habeas applications had been denied with regard to both the 1965 burglary conviction and the 1969 marijuana conviction. The present petitions allege that at least some of the grounds now advanced had never been previously presented.

2. Rule 9(b) provides that:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the

judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

3. He alleges that his 1969 conviction for sale of marijuana was invalid because (1) the prosecutor plea-bargained with him, knowing him to be indigent and without counsel; (2) his appointed counsel failed to render effective assistance, providing only pro forma representation; and (3) his plea was not understandingly made since he did not know that he had a valid entrapment defense.

should not be dismissed as successive." The clear language of Rule 9(b) precludes such a ruling, however, and instead affords the district judge discretion to determine whether the petitioner's failure to include the newly asserted grounds for relief in a prior federal petition constitutes an abuse of the writ.

Because a denial of an application for federal habeas corpus is not res judicata, prisoners frequently file more than one petition seeking relief from their conviction. *Potts v. Zant,* 638 F.2d 727, 738 (5th Cir.), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981). "In order to curb the opportunity for prisoners to file nuisance or vexatious petitions, and to ease the burden on the courts arising from such petitions, guidelines have evolved as to when a district court, in the exercise of its sound judicial discretion, may decline to entertain on the merits a successive or repetitious petition." *Id.*

The concept of abuse of the writ as applied to successive applications presenting different grounds for habeas relief was considered in the seminal case of *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The Court there stated that the government has the burden of pleading abuse of the writ if a different ground is presented in a new application or the same ground was earlier presented but was not adjudicated on the merits. 373 U.S. at 17, 83 S.Ct. at 1078.

The standard set forth in *Sanders* was codified in Rule 9(b) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. 2254 (quoted in note 2 *supra* ). "The obvious intent in the enactment of rule 9 is to bring *all* of a petitioner's claims to light the first time he petitions in a federal habeas court." *Galtieri v. Wainwright,* 582 F.2d 348, 357 (5th Cir.1978) (en banc).

■ "However, the rule is not intended automatically to foreclose each petitioner who fails to claim every ground for relief in his first application in federal court. Rule 9(b) recognizes the possibility that a petition may be justified in its delay." *Haley v. Estelle,* 632 F.2d 1273, 1276 (5th Cir.1980). *See also McShane v. Estelle,* 683 F.2d 867,

869 (5th Cir.1982). Within this circuit, the abuse of the writ doctrine is considered "of rare and extraordinary application." *McShane, supra,* 683 F.2d at 869; *Potts, supra,* 638 F.2d at 741; *Paprskar v. Estelle,* 612 F.2d 1003, 1007 (5th Cir.), *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980). A second petition will be dismissed, therefore, only if it can be shown that the petitioner abused the writ by deliberately withholding a claim from a previous petition or by inexcusably neglecting to include the claim in the previous petition. *McShane, supra,* 683 F.2d at 680–90; *Mays v. Balkcom,* 631 F.2d 48, 51 (1980); *Paprskar, supra,* 612 F.2d at 1006.

■ Once the government has met its burden by pleading abuse of the writ, the burden shifts to the petitioner to justify his failure to raise the claim in the earlier petition. *Vaughan v. Estelle,* 671 F.2d 152, 153 (5th Cir.1982); *Mays, supra,* 631 F.2d at 51. He may do this by showing that, at the time of his initial petition, he was unaware of facts that would support habeas relief, or, if not represented by competent counsel, of the legal significance of known facts that would support habeas relief. *McShane, supra,* 683 F.2d at 870; *Vaughan, supra,* 671 F.2d at 153–54. The state must, however, afford the petitioner a reasonable opportunity to traverse the suggestion of abuse. *Id.*

■ The government strongly urges this court to consider the legal "expertise" of the instant petitioner as pretermitting its obligation to furnish Baker with an occasion to either show that the omission was not deliberate or that the grounds were not then known to him. Under the cited jurisprudence, this alleged legal expertise of a non-lawyer nevertheless does not abate the requirement that the habeas petitioner be given a reasonable opportunity to traverse the claim of dismissable abuse of the writ. Baker suggests reasons why he did not raise the grounds in a previous petition (Reply brief, pp. 6–7), and he specifically requested—in objecting to the magistrate's recommendation of dismissal as a successive writ—that he be afforded a reasonable opportunity to show that his delay was justified.

He was entitled to make this showing, and the district court erred in not considering this objection. The dismissal as to the 1969 marijuana conviction must be reversed, and the matter remanded for further proceedings consistent with this opinion.

*Improper Dismissal of "Jurisdictional" Claim with Regard to 1965 Burglary Conviction*

With regard to the 1965 burglary conviction, Baker further contends that the district court erred in dismissing his petition as successive on the basis of a ground previously raised in a federal habeas petition but never before adjudicated. The ground, which had been raised in an earlier federal habeas petition denied in 1981, is that his *burglary* conviction was void because the state failed to adduce any evidence in addition to his guilty plea, as then was required by former Tex.Code Crim.Proc.Ann. art. 12 (Vernon 1925) when the plea was to the court without a jury.[4] Baker relies on jurisprudence of this court to the effect that "[a]n absence of jurisdiction in the convicting court is ... a basis for federal habeas corpus relief cognizable under the due process clause." *Lowery v. Estelle,* 696 F.2d 333, 337 (5th Cir.1983).

In the present case, the court in 1982 denied Baker's petition on the basis of the magistrate's report, which noted that Baker's challenge to the 1965 burglary conviction had been previously denied on the merits in 1981. Neither the 1981 nor the 1982 magistrate's reports, however, specifically advert to Baker's contention as to the 1965 burglary conviction.[5] Baker asserts in this appeal that because of the fatal jurisdictional defect of the Texas state court in accepting an uncorroborated guilty plea, the 1969 conviction by the state trial court was void.

We pretermit whether a successive writ may reattack a state conviction by a court allegedly without jurisdiction or whether the failure to adjudicate the issue as raised in the previous federal habeas proceeding deprived the present subsequent application of its successive nature. Here, although it is arguable that the statute requiring corroboration of a guilty plea imposes a predicate to a court's "jurisdiction", the statute does not so specify, and there are no Texas court decisions so holding or holding that a court was without jurisdiction to convict absent corroboration of the plea of guilty by other evidence in compliance with the former Texas statute.[6]

Under Texas jurisprudence, the plea of guilty is not subject to post-conviction

4. In effect at the time of Baker's 1965 conviction was Tex.Code Crim.Proc.Ann. art. 12 (Vernon 1925) which required:

That it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant, and said evidence shall be accepted by the Court as the basis for its verdict, and in no event shall a person charged be convicted upon his plea of guilty or plea of nolo contendere, as the case may be, without sufficient evidence to support the same.

The statute has since been replaced by Tex. Code Crim.Pro.Ann. art. 1.15 (Vernon 1965), which similarly provides, in part, that upon a plea of guilty in a felony case "it shall be necessary for the state to adduce evidence into the record showing the guilt of the defendant." The Texas state courts have held that adequate compliance with this statute may consist of the defendant's own testimony proving all the elements of the offense. *Bell v. State,* 455 S.W.2d 230, 231 (Tex.Crim.App.1970); *Luna v. State,* 436 S.W.2d 910, 911 (Tex.Crim.App.1969).

5. In the earlier habeas application, the magistrate's report regarding the 1978 petition (dismissed in 1981) notes Baker's allegation of a "defective prior conviction" and the evidence of waiver of a trial by jury, but does not address specifically whether the state had valid jurisdiction to hear the case. *See:* The successive application abuse-of-writ concept "cannot apply if the same ground was earlier presented but not adjudicated on the merits." *Sanders, supra,* 373 U.S. at 17, 83 S.Ct. at 1078. On the other hand, a different ground is not presented if the same legal basis for granting the relief sought is couched in different language or supported by different grounds. *Id.,* 373 U.S. at 16, 83 S.Ct. at 1077.

6. There are expressions in several Texas decisions treating the statute as jurisdictional; however, it is clear that none of them hold or intimate that a conviction rendered upon a plea of guilty is void where no evidence of guilt is offered. *Braggs v. State,* 169 Tex.Cr.R. 405, 334 S.W.2d 793–95 (1960); *Ex parte Keener,* 166 Tex.Crim.R. 326, 314 S.W.2d 93, 94 (1958);

attack for insufficiency of the evidence to support the plea, *Ex Parte Lyles,* 323 S.W.2d 950 (Tex.Crim.App.1959), *Ex Parte Keener,* 314 S.W.2d 93 (Tex.Crim.App.1958), although apparently under the former statute collateral post-conviction attack was not foreclosed on the contention that no evidence at all was introduced to corroborate guilt, *Ex Parte Lyles, supra,* 323 S.W.2d at 951. However, as noted there, citing *Broyles v. State,* 143 Tex.Crim.R. 556, 159 S.W.2d 881 (Tex.Crim.App.1942), there was no requirement that the evidence taken be perpetuated, so that a post-conviction attack upon the guilty plea may founder in the face of a contemporaneous minute entry showing (as here) that evidence was taken to corroborate the guilt, *Broyles v. State, supra,* 159 S.W.2d at 882. Whatever the post-conviction consequences under Texas state law of a contention that the state failed (despite a minute entry to this effect) to produce evidence to support a plea of guilty, we do not read these decisions as holding that the state court's acceptance of the plea, although erroneous, raised an issue of such total want of jurisdiction as to make the conviction void rather than voidable.

█ No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea. In this circuit, we have specifically held that the petitioner in a habeas corpus proceeding is not deprived of any federally protected right by a conviction upon a plea of guilty obtained without compliance with the Texas statute. *Hendrick v. Beto,* 360 F.2d 618 (5th Cir.1966), aff'g 253 F.Supp. 994 (S.D.Tex.1965). Because the right to corroboration of a plea of guilty is not essential to a fair trial in a federal due-process sense, the failure to comply with the state criminal procedure in this regard does not raise a federal constitutional claim that justifies habeas corpus relief under 28 U.S.C. § 2254. *Hendrick, supra,* 253 F.Supp. at 995.

Therefore, we find no merit to Baker's claim that his 1965 burglary conviction was void because the state court was without jurisdiction to entertain the 1965 plea of guilty.

*Conclusion*

For the foregoing reasons, the district court's dismissal of petitioner's application for habeas corpus is AFFIRMED in part with regard to the attack upon the 1965 burglary conviction; it is however, VACATED and REMANDED in part, in order to afford the petitioner a reasonable opportunity to show no abuse of the writ with regard to his attack on the 1969 marijuana conviction.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

---

*Wilson v. State,* 154 Tex.Cr.R. 39, 224 S.W.2d 234, 236–38 (1949). *Only in the concurring opinions of these cases did the issue arise to whether the statute raised a jurisdictional ques-* tion. In each case the actual issue was whether the evidence was sufficient to fulfill the statutory requisite.