**Jack Howard POTTS,
Petitioner-Appellee,
Cross-Appellant,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic and Classification Center,
Respondent-Appellant, Cross-Appellee.**

No. 83–8087.

United States Court of Appeals,
Eleventh Circuit.

June 21, 1985.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellant, cross-appellee.

Millard C. Farmer, Atlanta, Ga., for petitioner-appellee, cross-appellant.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before HILL and VANCE, Circuit Judges, and TUTTLE, Senior Circuit Judge.

BY THE COURT:

The petition for rehearing filed by appellant in this case asserts several points of error in our earlier decision. Appellant raises two contradictory objections to our holding on abuse of the writ. First, appellant suggests that our decision improperly held that the state had to meet a "heavy burden" to establish abuse of the writ. *Potts v. Zant (Potts II)*, 734 F.2d 526, 529 (11th Cir.1984). Second, appellant suggests our decision erred because it "simply concluded without the benefit of an evidentiary hearing being held in district court, that the ends of justice required the district court to consider the merits of Petitioner's claims." It therefore appears that some clarification may be in order.

Our earlier decision did not hold that the state must meet a particularly stringent burden in *pleading* abuse of the writ. Under *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948) and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts (28 U.S.C. foll. § 2254), it is clear that the government's only burden in pleading abuse of the writ is "to make that claim with clarity and particularity in its return to the order to show cause." *Price*, 334 U.S. at 292, 68 S.Ct. at 1063. Once the state has properly raised the issue, the petitioner then has the burden of answering the allegation and proving that he has not abused the writ. *Id.* The state could meet the initial burden of sufficient pleading here. It faced a considerably more difficult task, however, once the petitioner responded: to convince the court that the abuse was sufficiently grave that nothing, not even the "ends of justice," would warrant consideration of the merits of the peti-

tioner's claims. The state's position would be particularly difficult where—as in the present case—the petitioner has not yet secured a determination on the merits of his claims. *Potts v. Zant (Potts I),* 638 F.2d 727, 741–42, 751–52 (5th Cir. Unit B), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981). Thus, "[i]f a petitioner is able to present some 'justifiable reason' explaining his actions, reasons which 'make it fair and just for the trial court to overlook' the allegedly abusive conduct, the trial court should address the successive petition." *Potts I,* 638 F.2d at 741 (quoting *Price,* 334 U.S. at 291, 68 S.Ct. at 1063).

■ That is precisely what occurred in the present case. Although the state carried its burden of pleading abuse of the writ, the district judge concluded that the uncontroverted evidence presented to him did not establish that the petitioner had acted with the intent to "vex, harass, or delay." *Sanders v. United States,* 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). Our opinion simply noted that even if the district court had concluded that Potts acted in bad faith in withdrawing his first set of petitions, it would still be within the trial court's discretion to review the second set of petitions under the "ends of justice" rationale set forth by the Supreme Court in *Sanders.* In any event, we believe that the trial court correctly concluded that there was no genuine dispute as to Potts' motives for withdrawing his initial set of petitions. The Supreme Court's decision in *Price* suggests merely that a hearing "may be necessary" where there is a "substantial conflict" as to the actual facts. *Price,* 334 U.S. at 292, 68 S.Ct. at 1063. Since no such conflict was present here, the district court properly concluded that an evidentiary hearing was unnecessary.

■ Appellant also claims that this court erred in condemning the prosecutor's use of a quotation from *Eberhart v. State,* 47 Ga. 598 (1873), in closing argument. It argues that although the use of the statement is not favored, it does not rise to the level of constitutional error. We note that the en banc court has subsequently supported our reasoning in *Drake v. Kemp,* 762 F.2d 1449, 1460 (1985) (en banc). The *Drake* court found that the inflammatory passage was "misleading, legally incorrect and prejudicial," at 1460 and that the prejudice was serious enough to warrant resentencing.

The petition for rehearing is DENIED. No member of this panel nor Judge in regular active service on the court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the petition for rehearing en banc is also DENIED.