Robert ESSIX, Petitioner,

v.

Richard L. DUGGER, Secretary,[1] Florida Department of Corrections, Respondent.

No. 86–1694–Civ.

United States District Court, S.D. Florida, N.D.

May 26, 1987.

---

**1.** Richard L. Dugger has replaced Louie L. Wainwright as Secretary of the Florida Department of Corrections. Accordingly, he has been automatically substituted as the Respondent in this matter. See *Fed.R.Civ.P.* 25(d)(1).

Robert Essix, pro se.

Ralph Barreira, Asst. Atty. Gen., Dept. of Legal Affairs, Miami, Fla., for respondent.

## FINAL ORDER OF DISMISSAL

ZLOCH, District Judge.

THIS MATTER is before the Court upon the Report And Recommendation of the United States Magistrate William C. Turnoff, dated January 29, 1987. As of the date of this Final Order Of Dismissal, no Objections have been filed to said Report And Recommendation.

This Court has still conducted an independent *de novo* review of the entire record herein.

## PROCEDURAL HISTORY

Robert Essix, currently incarcerated at Florida State Prison, and appearing *pro se,* has filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. Section 2254.

On November 4, 1975, in the Eleventh Judicial Circuit Court, Petitioner was charged by indictment with one count of first degree murder and one count of robbery. Subsequent to jury trial, Petitioner was convicted and sentenced to be incarcerated for two consecutive life terms.

Petitioner filed a timely notice of appeal to the Third District Court of Appeal. Therein, Petitioner argued that the trial judge unduly restricted the length and scope of defense counsel's *voir dire* examination of prospective jurors. On May 31, 1977, the Third District affirmed the conviction and sentence. See *Essix v. State,* 347 So.2d 664 (3rd DCA 1977). A subsequent Motion for Rehearing was denied by the Third District, dated July 8, 1987. A Petition For Writ of Certiorari to the Florida Supreme Court was denied on February 28, 1978. See *Essix v. State,* 357 So.2d 185 (Fla.1978).

On August 24, 1981, Petitioner filed his initial Petition For Writ of Habeas Corpus in the Southern District of Florida. See Response to Order To Show Cause, attached Exhibit E, Case No. 81–1860–CIV–ARONOVITZ, United States District Court for the Southern District of Florida. Therein, Petitioner alleged that the trial court violated due process by unduly restricting the scope of *voir dire.* Inasmuch as the issue had been satisfactorily exhausted, the State responded on the merits. On November 30, 1982, the Petition was denied and dismissed on the merits, by order of The Honorabloe Sidney M. Aronovitz, United States District Judge. See Exhibit G.

Next, Petitioner appealed the Order of Dismissal to the Eleventh Circuit Court of Appeals. On February 8, 1984, the Elev-

enth Circuit affirmed the dismissal. See Exhibit J.

Thereafter, on March 14, 1985, Petitioner returned to state court, and filed a Petition for Writ of Habeas Corpus in the Third District. See Exhibit K. Therein, Petitioner alleged that he was denied the effective assistance of *appellate* counsel in that counsel neglected to raise, on direct appeal, the issue of the trial court's limitation of cross-examination of the lead detective regarding a prior, unrelated internal affairs investigation of that detective. On June 11, 1985, the Third District denied the Petition, without opinion. See Exhibit M.

On August 6, 1986, the Petitioner filed the instant Petition. Herein, he reproduces the claim of ineffective assistance of appellate counsel. In response to an Order To Show Cause, the Respondent maintains that the instant Petition should be dismissed, inasmuch as Petitioner has engaged in piecemeal litigation constituting an abuse of the writ. See Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts. In support thereof, Respondent avers that Petitioner was fully cognizant of the sole claim herein (ineffective assistance of appellate counsel), yet chose to forego the presentation of that claim in his initial federal habeas petition in 1981.

Inasmuch as Respondent has sustained the initial burden of pleading abuse of the writ, Petitioner has been afforded an opportunity to prove that he is not guilty of an abuse. See *Vaughan v. Estelle*, 671 F.2d 152, 153 (5th Cir.1982). On December 12, 1986, the Magistrate issued an Order, with attached forms, directing Petitioner to submit his explanation no later than December 24, 1986. Shortly thereafter, Petitioner sought an extension of ten days. On December 24, 1986, the Magistrate granted an extension of time up to and including January 12, 1987. Petitioner's Response was filed January 9, 1987.

## ABUSE OF THE WRIT

Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Court provides that

[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, *if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.* (emphasis added.)

■ This rule codified the principles enunciated in *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), and is designed to avoid piecemeal litigation, with petitioners advancing claims one at a time. However, the abuse of the writ doctrine will not apply if the petitioner "could not reasonably have known of pertinent facts or of their legal significance at the time of a prior petition." *Rudolph v. Blackburn*, 750 F.2d 302, 305 (5th Cir. 1984), citing *Haley v. Estelle*, 632 F.2d 1273 (5th Cir.1980).

■ Respondent has properly raised the issue of abuse "with clarity and particularity in [his] return to the order to show cause." *Potts v. Kemp*, 764 F.2d 1369, 1370 (11th Cir.1985), *cert. den.*, — U.S. ——, 106 S.Ct. 1386, 89 L.Ed.2d 610 quoting *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). Once the issue has been properly raised, the petitioner then has the burden of demonstrating, by a preponderance of the evidence that he has not abused the writ. *Potts*, 764 F.2d at 1370; *Rudolph*, 750 F.2d at 305.

In his Response, Petitioner explains that he has been assisted by a fellow inmate in the preparation of all his legal pleadings, including his initial federal habeas petition. Petitioner asserts that neither he nor his legal assistant were legally or factually aware of the present claim at the time of the first Petition, inasmuch as they did not obtain the trial transcript until January, 1985.

... Petitioner was "unaware" of the facts surrounding his present claim and as such, the failure to raise the claim in his previous habeas corpus was not deliberate and intentional, but was a direct

result of his ignorance to the facts and the law surrounding his claim.

*Additional Response to Magistrate's Order*, p. 4.

It has been well settled that a successive petition presenting new claims may not be dismissed based on the abuse doctrine unless the previous omission resulted from (1) the intentional withholding of the claim, or (2) inexcusable neglect. *Moore v. Zant*, 734 F.2d 585, 601 (11th Cir.1984); *Jones v. Estelle*, 722 F.2d 159 (5th Cir.1983) *cert. den.*, 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829.

■ The outer limits of the abuse doctrine are easily articulated. A petitioner may assert a new claim based on facts or legal theories unknown to him when pursuing his prior petition. At the other end of the spectrum are cases where the petitioner is aware of a claim, but deliberately withholds it, to be asserted in a subsequent petition. The withheld claim would undoubtedly be barred. *Jones*, 722 F.2d at 163–164.

This case, of course, involves the former scenario. Such cases define abuse of the writ in terms of "whether the petitioner's unawareness of facts or failure to understand the legal significance of known facts is 'excusable' or 'justifiable.'" *Jones*, 722 F.2d at 164, n. 4. See also, *Sockwell v. Maggio*, 709 F.2d 341 (5th Cir.1983, *cert. den.*, 471 U.S. 1020, 105 S.Ct. 2049, 85 L.Ed.2d 312. Such an inquiry is easily answered when the new claim has become possible in view of a change in the law since the last writ or as a result of a factual development which was not reasonably knowable before. *Jones*, 722 F.2d at 165. Neither applies here.

Petitioner merely alleges that he was legally and factually unaware of the claim. In view of Petitioner's *pro se* status, the determination as to whether he has sustained his burden of proving excusable neglect is rendered more difficult. *Hamilton v. McCotter*, 772 F.2d 171, 179 (5th Cir. 1985). Nevertheless, the principle behind Rule 9(b) is to dismiss those ptitions that constitute "needless piecemeal litigation" or whose "purpose is to vex, harass, or

delay." *Moore*, 734 F.2d at 601, quoting *Sanders*, 373 U.S. at 18, 83 S.Ct. at 1078.

The competing interest lies in the concept of habeas corpus itself.

The Supreme Court has stated that in a habeas corpus proceeding, the "primary purpose" is to assure that no one is unjustly imprisoned. Therefore, if a prisoner is unaware of the legal significance of relevant facts, it would be unreasonable to prohibit his attempt for judicial relief.

*Vaughan v. Estelle*, 671 F.2d at 153 n. 5, citing *Price v. Johnston*, *supra*.

■ However, as noted *supra*, petitioner must prove, by a preponderance of the evidence, satisfactory excuse for failure to raise an issue in a previous habeas petition. *Rudolph*, 750 F.2d at 305. This Court concludes that petitioner has failed to do so. As the procedural history delineates, Petitioner's initial federal habeas petition was filed four (4) years after his direct appeal to the state appellate court. Accordingly, Petitioner had four (4) years to obtain the trial transcript. He did not do so. Therefore, this Court reasons that Petitioner has not demonstrated excusable neglect. Moreover, it is evident that a copy of the trial transcript was in the possession of Petitioner's mother. In an accompanying affidavit, Petitioner states

... that when James Butler [inmate legal assistant] was preparing to return to court I gave him my mother's phone number so that she could give him my transcripts....

*Additional Response to Magistrate's Order*, attached Exhibit B.

The *Sanders* doctrine has *not* been interpreted to limit writ abuse:

... to successive writs filed with a vexatious purpose. *Sanders'* prohibition of vexatious petitions is disjunctive to its prohibition of unnecessary piecemealing. Regardless of the petitioner's subjunctive purpose, the dilution of the Great Writ worked by the addition of a petition which by definition need never have been filed is vexatious. This is true unless we confine the doctrine of writ abuse to

those petitioners whose subjective purpose is only to goad the system and not to obtain release.

*Jones,* 722 F.2d at 168–169.

The Court having reviewed the entire record, being otherwise fully advised in the premises and after due consideration, it is

ORDERED AND ADJUDGED as follows:

1. The Report And Recommendation of the United States Magistrate William C. Turnoff, dated January 29, 1987, be and the same is hereby approved, ratified and adopted by the Court;

2. The Petition for Writ of Habeas Corpus filed herein pursuant to 28 U.S.C. Section 2254 be and the same is hereby DENIED and DISMISSED, with prejudice; and

3. The above-styled cause be and the same is hereby DISMISSED, with prejudice.